### MIDDLESEX COUNTY, DECEMBER TERM, A. D. 1791.

### PENFIELD v. NORTON.

In a prosecution for maintenance of a bastard child, it must appear that the child is born, the mother must be examined upon oath, and nothing is to be given by way of damages for the charges of the child's funeral.

ERROR to reverse a judgment of the County Court in a prosecution for maintenance of a bastard child, brought by Norton against Penfield — the complaint did not state that the child was born. Penfield was defaulted; and the court proceeded and made up judgment against him, without examining the mother, as to who the father of the child was, that he should pay to the mother three shillings per week for four years, for its support in case it lived, but it appearing to the court that said child was dead they gave judgment that the plaintiff recover £ being the funeral charges of said child and cost.

Errors assigned — 1st. That there was no direct averment in the complaint that the child was ever born. 2d. The mother was not examined touching who the father was. 3d. The child being dead, nothing ought to have been allowed for the funeral charges.

By the COURT. Manifest error. That the child was born, is a necessary averment in a prosecution of this nature, before trial. And as the complaint in such cases is often commenced before the child is born, and the man taken and bound to answer before the County Court upon it, yet the court will continue the cause until the child is born, and then allow the complainant to add that fact by way of supplement to her

complaint. That the mother must be examined touching who the father is, was determined upon a .writ of error, at Litchfield August A. D. 1772, in the case of Elisha Truman v. Rachel Sacket.